WILLIAM D. CROOKER *versus* DANIEL F. BAKER *& al.*

When, as between two judgment debtors, one of them is bound to pay the entire judgment, the other may procure the creditor to levy the execution upon the property of the former, or in default of property, to arrest him, without impairing the validity of the execution.

ON REPORT.

AUDITA QUERELA. The case with the facts, which the Court found were proved by the evidence, are stated in the opinion.

*Tallman & Larrabee,* for plaintiff.

*Whitmore,* for the defendants.

The opinion of the Court was drawn up by

TENNEY, C. J.—The arrest of the plaintiff was made upon an execution issued upon a judgment, recovered by the defendants, as executors of the last will and testament of Luke Lambert, deceased, against the plaintiff and Samuel Swanton, 2d, on January 2, 1858, upon the balance of claims of the testator against them, after deducting from the whole amount one half thereof, which had been paid by Swanton, before the institution of the original suit.

No question is made that, as between the judgment debtors, Crooker was bound to pay the entire amount of the judgment. If Swanton had paid it, the execution was discharged, and could not be enforced against either; but Swanton's legal remedy would be an action against Crooker to recover the amount so paid. It was, however, the privilege of the former, to induce the creditors in the judgment, or its owners, to take property of Crooker or to arrest his body, instead of paying the amount himself, which would relieve him from the payment, if the execution should be satisfied by Crooker.

The fact, which the plaintiff insists that he establishes by the evidence, is, that Swanton had paid the execution before the arrest complained of.

The Court is satisfied from the evidence reported that, on Aug. 6, 1857, nearly five months before the recovery of the judgment by the defendants, Z. Hyde & Co., having assumed liabilities for Samuel Swanton, 2d, to a considerable amount, which have not been discharged, took a bill of sale of one-eighth part of the ship Charlotte Reed, as security; that, on Jan. 29, 1858, Z. Hyde & Co. conveyed this part of said ship to the defendants, in consideration of the transfer of said judgment and execution against Crooker and Swanton, to John B. Swanton, the senior partner of the firm, and who acted for the firm in the matter, and the sum of about three hundred dollars in cash. This transaction was done through the agency of Samuel Swanton, 2d, who received the cash payment as the estimated excess of the

value of the eighth part of the ship over that of the judgment.

It was agreed by Z. Hyde & Co. and Samuel Swanton, 2d, that the former should hold the judgment and execution for the security of their liabilities, in the same manner as they had previously held the eighth part of the ship.

Z. Hyde & Co. had in themselves the legal title of the portion of the ship conveyed to the defendants. No legal objection existed to the conveyance thereof by them. Consequently, the consideration for the transfer of the judgment and execution moved wholly from them, and not from their vendor. The transfer of the judgment and execution was alike legal, from the creditors on the record. Unless there was a fraud in the transaction to the injury of Crooker, the judgment and execution became the property of Z. Hyde & Co. by the exchange, and remained as valid afterwards as before. Samuel Swanton parted with no property in the procurement of this exchange. No evidence in the case satisfies us that any fraud was perpetrated upon Crooker. He was equally exposed to arrest on the execution before and after the transfer.

Samuel Swanton, 2d, appears to have been desirous to accomplish the exchange, in order to make more certain the arrest of Crooker, without the payment on his part of the execution, and thereby to secure the satisfaction of the same from the debtor who justly owed it. His receipt of the cash payment for the excess of the value of the part of the vessel sold, over that of the judgment and the payment of the board of Crooker in jail, do not show that he paid the execution, but it is evidence of a wish that payment should be made by Crooker, in order to obtain his release from prison.

The judgment may be enforced against Samuel Swanton, 2d, till it shall be paid.                    *Plaintiff nonsuit.*

Rice, May, Goodenow and Kent, JJ., concurred.